UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jason Alan Johnson, | ) C/A No. 4:11-2700-JFA-TER |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) **REPORT AND RECOMMENDATION** |
| | ) |
| Ofc. Winker; Freddie Arwood; Richard Martin; Gary Davies; Bruce Bryant; Ind. Capacities; and, York County Detention Center, | ) ) ) ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

Plaintiff, Jason Alan Johnson, ("Plaintiff"), is a local prisoner in the York County Detention Center ("YCDC") in York, South Carolina, who is proceeding *pro se* and *in forma pauperis*. Plaintiff brings this action under 42 U.S.C. § 1983[1] seeking compensatory damages and dismissal of state criminal charges, based on the alleged violation of his due process rights and his alleged subjection to cruel and unusual punishment by Defendants. Pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) D.S.C., this matter is before the undersigned United States Magistrate Judge for report and recommendation following pre-service review. Having reviewed the Complaint

---

[1] Not itself a source of substantive rights, § 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by "person(s)" acting "under color of state law." *See Jennings v. Davis*, 476 F.2d 1271 (8th Cir. 1973). The purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails. *See McKnight v. Rees*, 88 F.3d 417(6th Cir. 1996). To state a cause of action under 42 U.S.C. § 1983, a plaintiff must allege that: (1) individual defendant(s) deprived him of a federal right, and (2) did so under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980); *see Hall v. Quillen*, 631 F.2d 1154, 1155-56 (4th Cir. 1980).

1

in accordance with applicable law, the undersigned recommends that it be summarily dismissed, without prejudice and without issuance and service of process, because it fails to state a claim on which relief may be granted by this Court.

## *PRO SE* AND *IN FORMA PAUPERIS* REVIEW

Title 28 U.S.C. § 1915A(a) requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." The *in forma pauperis* statute authorizes the district court to dismiss a case if it is satisfied that the action is frivolous or fails to state a claim on which relief may be granted. 28 U.S.C. §1915(e)(2)(B)(i) and (ii). As a *pro se* litigant, Plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by lawyers. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). However, even under this less stringent standard, a *pro se* pleading remains subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *Weller v. Dept. of Social Services*, 901 F.2d 387, 391 (4th Cir. 1990).

## BACKGROUND

Plaintiff, a pretrial detainee in the YCDC, files this § 1983 action against YCDC's Officer Winker, four (4) other YCDC administrators/supervisors, and the YCDC, itself, seeking $5 million dollars ($1 million each from each of the individual defendants). Plaintiff alleges that his right to due process has been violated and that he has been subjected to cruel and unusual punishment because Officer Winker has allegedly made statements to YCDC staff and to inmates, falsely

labeling Plaintiff as an informant among his peers and allegedly putting Plaintiff's life in danger.

**DISCUSSION**

Plaintiff's Complaint does not allege that Officer Winker has made any threats towards Plaintiff, directly, or harassed Plaintiff, directly, or taken any action that could be considered to be consistent with carrying out any threat against Plaintiff's life, or that he has actually been physically injured by anyone. Because verbal harassment, abuse and threats, without more, are not sufficient to state a constitutional deprivation under § 1983, Plaintiff's Complaint fails to state a claim against Defendant Winker upon which relief may be granted by this Court. *See Henslee v. Lewis*, 153 Fed. Appx. 178, 180 (4th Cir. 2005) ("Mere threats or verbal abuse by prison officials, without more, do not state a cognizable claim under § 1983") (citing *Collins v. Cundy*, 603 F.2d 825, 827 (10th Cir. 1979) (holding that a sheriff's threats to hang a prisoner were insufficient to state constitutional deprivation under § 1983); cf. *Hudspeth v. Figgins*, 584 F.2d 1345 (4th Cir. 1978) (holding that allegations that a guard threatened to have an inmate killed because he had a suit pending combined with the carrying out of a threat to have the prisoner transferred from unsupervised work detail to supervised work detail was sufficient to state a claim under § 1983). *See also Ivey v. Wilson*, 832 F.2d 950, 954-55 (6th Cir. 1987); *Oltarzewski v. Ruggiero*, 830 F.2d 136 (9th Cir. 1987). Nor, do mere words or threats amount to an actionable assault under § 1983. *See McBride v. Deer*, 240 F.3d 1287, 1291 n.3 (10th Cir. 2001) (explaining that "acts or omissions resulting in an inmate being subjected to nothing more than threats and verbal taunts do not violate the Eighth Amendment"); *Jones v. Superintendent*, 491 (W.D.Va. 1974) (mere words, however violent, do not amount to an assault such as to be actionable under § 1983). "[T]he use of vile and abusive language, no matter

3

how abhorrent or reprehensible, cannot form the basis for a 1983 claim," *Keyes v. City of Albany*, 594 F.Supp. 1147 (N.D.N.Y. 1984). "The Constitution does not protect against all intrusions on one's peace of mind. Fear or emotional injury which results solely from verbal harassment or idle threats is generally not sufficient to constitute an invasion of an identified liberty interest." *Pittsley v. Warish*, 927 F.2d 3, 7 (1st Cir. 1991); *Emmons v. McLaughlin*, 874 F.2d 351, 353-54 (6th Cir. 1989); *Lamar v. Steele*, 698 F.2d 1286 (5th Cir. 1983). Therefore, a constitutional claim based on verbal harassment or threats will fail, whether it is asserted under the Fifth Amendment, Eighth Amendment or Fourteenth Amendment. *Ivey*, 832 F.2d at 954-55. Plaintiff has not shown or provided any evidence that he is currently subject to a real and immediate threat of physical harm. See Los Angeles v. Lyons, 461 U.S. 95 (1983).

In addition, it is well settled that an "alleged act of defamation of character or injury to reputation is not actionable under 42 U.S.C. § 1983," *Dickerson v. City of Charleston Police Department*, 2009 WL 4920166, *4 (D.S.C.), citing *Paul v. Davis*, 424 U.S. 693, 697-710 (1976). Because "a defamed person has not been deprived of any right, privilege, or immunity secured to him by the Constitution or the laws of the United States," he cannot state a viable claim under § 1983. *Miller v. Jack*, 2007 U.S. Dist. LEXIS 50685, 2007 WL 2050409, *6 (N.D.W.Va. 2007); *see also Fleming v. West Virginia*, 2009 U.S. Dist. LEXIS 130768, 2009 WL 960217 (S.D.W.Va). Civil rights statutes, such as 42 U.S.C. § 1983, simply do not impose liability for violations of duties arising under a State's tort law. *Dickerson v. City of Charleston Police Department*, supra, citing *DeShaney v. Winnebago County Dep't of Soc. Ser.*, 489 U.S. 189, 200-03, (1989); *Perez v. Tusing*, 2011 U.S. Dist. LEXIS 25610 at *42-43 (S.D. W. Va. Mar. 3, 2011) adopted by, objection denied by, motion granted by, complaint dismissed by 2011 U.S. Dist. LEXIS 25865 (S.D. W. Va., Mar.

11, 2011). *See also Patton v. Przybylski*, 822 F.2d 697, 700 (7th Cir.1987) ("Defamation is not a deprivation of liberty within the meaning of the due process clause."); *Henslee*, 153 Fed. Appx. at 180 (same) (affirming *sua sponte* dismissal of claim based on threats); *Carter v. Morris*, 164 F.3d 215, 219 n.3 (4th Cir. 1999); *Aleem-X v. Westcott*, 347 Fed. Appx. 731, 732 (3d Cir. Oct. 9, 2009) (*sua sponte* dismissal affirmed). Thus, even if Plaintiff's Complaint made sufficient factual allegations to state a plausible state law claim of slander, libel, or defamation - which it does not - Plaintiff's Complaint would still fail to state a claim against Defendant Winker, pursuant to § 1983, upon which this Court may grant relief.

Moreover, with regard to Defendants Arwood, Martin, Davies, and Bryant, Plaintiff's Complaint makes no allegations whatsoever of any personal wrongdoing against any of them. The law is clear that the personal participation of a defendant is a necessary element of a § 1983 claim against a government official in his individual capacity. *See Trulock v. Freeh*, 275 F.3d 391, 402 (4th Cir. 2001). "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (2009). Mere knowledge is not sufficient to establish personal participation. *Id.* As the *Iqbal* Court observed, because masters do not answer for the torts of their servants in § 1983 cases, "the term 'supervisory liability' is a misnomer." *Id.* at 1949. Indeed, the dissent in *Iqbal* opined that "[l]est there be any mistake, in these words the majority is not narrowing the scope of supervisory liability; it is eliminating [] supervisory liability entirely." *Id.* at 1957 (Souter, J., dissenting). Even if the majority in *Iqbal* did not entirely dispense with the concept of liability of a supervisor in a § 1983 case, the instant Complaint fails entirely to plead facts sufficient to go forward on such a theory based on Fourth

Circuit precedent. *See Carter v. Morris*, 164 F.3d 215, 221 (4th Cir. 1999); *Shaw v. Stroud*, 13 F.3d 791, 798 (4th Cir. 1994) (outlining the requirements to hold a supervisor liable for constitutional injuries inflicted by their subordinates). Because Plaintiff has made no allegation of any personal involvement by Defendants Arwood, Martin, Davies, and Bryant, Plaintiff's Complaint is frivolous as to these Defendants and fails to state a claim against them.

Finally, as to Defendant York County Detention Center, as noted above, a claim for relief under § 1983 must sufficiently allege that the plaintiff was injured by "the deprivation of any [of his or her] rights, privileges, or immunities secured by the [United States] Constitution and laws" by a "person" acting "under color of state law." *See* 42 U.S.C. § 1983; *Monell v. Dep't. of Soc. Serv.*, 436 U.S. 658, 690 & n.55 (1978) (noting that for purposes of § 1983 a "person" includes individuals and "bodies politic and corporate"); *see generally* 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1230 (2002). It is well settled that only "persons" may act under color of state law, therefore, a defendant in a § 1983 action must qualify as a "person." For example, several courts have held that inanimate objects such as buildings, facilities, and grounds are not "persons" and do not act under color of state law. *See Allison v. California Adult Auth.*, 419 F.2d 822, 823 (9th Cir. 1969) (California Adult Authority and San Quentin Prison not "person[s]" subject to suit under 42 U.S.C. § 1983); *Preval v. Reno*, 57 F. Supp.2d 307, 310 (E.D. Va. 1999) ("[T]he Piedmont Regional Jail is not a 'person,' and therefore not amenable to suit under 42 U.S.C. § 1983."); *Brooks v. Pembroke City Jail*, 722 F. Supp. 1294, 1301(E.D.N.C. 1989) ("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit."). Plaintiff's Complaint, insofar as it names the York County Detention Center as a Defendant in this case, does not name a "person" subject to a § 1983 claim. The York County Detention Center is not a proper defendant

6

upon whom the United States Marshals Service could effect service of process, and against whom relief could be granted by this court. This is an additional ground on which Plaintiff's Complaint should be summarily dismissed as frivolous and failing to state a claim on which relief may be granted by this Court.

## RECOMMENDATION

It is recommended that the Complaint be summarily dismissed, without prejudice and without issuance and service of process. *See Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Brown v. Briscoe*, 998 F.2d 201 (4th Cir. 1993); *Todd v. Baskerville*, 712 F.2d 70. (4th Cir. 1983); *see also* 28 U.S.C. § 1915(e)(2)(B). Plaintiff's attention is directed to the important notice on the next page.

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

October 21 , 2011
Florence, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 2317
Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).